[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence April 3, 1998 Date of Application April 3, 1998 Date Application Filed April 20, 1998 Date of Decision February 22, 2000
Application for review of sentence imposed by the Superior Court, Judicial District at New Haven.
Sentence Affirmed.
 Erskine McIntosh, Defense Counsel, for Petitioner.
David Strollo, Assistant State's Attorney, for the State.
 BY THE DIVISION
The petitioner, following a jury trial, was convicted of Criminal Possession of a pistol or revolver (§ 53a-217c), and thereafter sentenced to a term of five years.
The police on October 7, 1996 responded to gunfire at approximately 11:20 P.M. in the Hamilton Street area. Police collected numerous gun shells and later responded to Yale-New Haven Hospital on a report that a 17-year-old had been transported by his friend. He was suffering from gunshot wounds CT Page 3768 and was later pronounced dead.
Earlier that evening a witness saw three members of the Hamilton Street gang, including Charles Green, Duane Clark and Bobby Cooke, reach into their waistbands and pull out 9mm handguns and begin shooting. The witness claimed that Duane Clark yelled to shoot. Shell casings were found near where Duane Clark was standing. The petitioner was only convicted of Criminal Possession of a pistol despite the fact that he was originally also charged with murder.
His attorney asked the panel not to consider the PSI claiming that his client was falsely accused of murder and claims that the jury concurred. He claims that despite the eyewitness account that his client was not even present.
The State argued that there was both testimony and evidence that he was present at the scene with a gun and yelled to shoot.
The petitioner has numerous prior convictions dating back to 1990, including assault 3rd sale of narcotics, escape from parole.
This Division can only modify a sentence pursuant to § 43-28 of the Practice Book.
Given the serious nature of the offense where a 17-year-old lost his life, along with the petitioner's convictions dating back eight years before the present offense, the need for public protection must be of paramount importance.
The Division concluded that the sentence imposed was reasonable and proportionate under the criteria of § 43-28 of the Practice Book.
It is, therefore, affirmed.
Iannotti, Klaczak and O'Keefe, J.s, participated in this decision.